OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determination of the Board of Estimate reinstated.
Special Term erred in holding that the Board of Estimate’s denial of petitioner’s application to renew a revocable consent to operate an enclosed sidewalk cafe was arbitrary and capricious. Our reading of the applicable New York City Charter provisions indicates that it is only a community or borough board that is proscribed from considering issues other than land use impact in determining whether to approve an application for a revocable consent to operate a sidewalk cafe (NY City Charter § 366-a [b]). The Board of Estimate’s scope of review is broader and includes the authority to review the character and fitness of applicants seeking a revocable consent franchise (NY City Charter § 67 [4]; § 197-c [f]; cf. Abco Bus Co. v Macchiarola, 52 NY2d 938, revg for reasons stated in dissenting mem at App Div 75 AD2d 831, 833-834; Matter of Barton Trucking Corp. v O’Connell, 7 NY2d 299, 312).
The Board was entitled to conclude, on the basis of the information before it, that Thomas Lydon was at least a de facto corporate principal of Midan Restaurant, Inc. In addition to other evidence, a sidewalk cafe occupancy contract was signed by "Thomas Lydon, V.P.” for Midan Restaurant, Inc., and two checks were signed by Thomas Lydon on behalf of Midan Restaurant, Inc. There is also support in the record indicating that Thomas Lydon had been convicted of assaulting a tenant. This conviction, together with public hearing testimony pointing to the conclusion that Lydon was seeking *802 to force tenants out of apartments, some of which were located in buildings adjoining the restaurant, provided the Board with a rational basis for denying the application to renew the revocable consent to operate the enclosed sidewalk cafe.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.